[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, Jessica Fitzgerald, by writ, summons and complaint filed June 5, 1999, seeks, inter alia, a dissolution of her marriage to the defendant, Tracy Fitzgerald.
After a full trial, the parties present and represented by counsel, the court, based on the preponderance of the credible, relevant, reliable and legally admissible evidence and the reasonable, rational and lawful inferences to be drawn therefrom, finds, determines and rules as follows:
The plaintiff, whose birth name was Jessica Maddox, and the defendant intermarried at Middletown, Connecticut on August 18, 1989.
Both of the parties of this marriage, for a least twelve months next preceding the date of the filing of this complaint, have resided continuously in this state.
The parties have two minor children, lawful issue of their marriage, namely Erin Fitzgerald, born June 28, 1991 and Julie Fitzgerald, born December 12, 1996.
No other children have been born to the plaintiff since the date of the marriage of the parties. CT Page 1266
No governmental agency is contributing to the support or maintenance of any party hereto or their children.
The marriage of the parties has broken down irretrievably.
The defendant is self-employed as a carpenter/cabinet maker and is doing business as Modern Woodworking and Cabinetry. Because of the nature of his business, the defendant is able to control the amount of his income which obviously is directly proportional to the amount of work he is willing to undertake. He has the earning capacity to earn in excess of $45,000 per year.
The plaintiff is limited in her earning capacity by her duties as a housekeeper and mother and her ability to afford day-care services. She earns less than $100 per week as a part-time bartender. The ages of parties children, Erin, 8 and Julie, 3 requires considerable attention from the plaintiff as their mother.
The defendant did not wish to have children. When the children arrived, their births precipitated conflict and stress within the marriage. The additional stress of the start up of the defendants business, and the growing lack of communication between husband and wife resulted in the irretrievable breakdown of the parties marriage. Although both parties contributed to such breakdown, the defendant's attitude toward parentage and his tendency to anger results in the court's ascribing to him a greater degree of fault for the breakdown of the marriage than that contributed by the plaintiff.
The defendant has in the past been delinquent on his court ordered support payments.
Based on the mandates of Gen. Stat. Sec. 46b-81 and Gen. Stat. Sec. 46b-82, the court makes the following property distributions, custody, alimony and support awards.
The plaintiff and defendant are to have joint legal custody of the minor children with primary residence with the plaintiff. The defendant shall have liberal visitation with the children. The parties shall have the children on alternate holidays except that Christmas and Easter morning the children shall be with the plaintiff.
The court finds that as far as the plaintiff wife is concerned, CT Page 1267 the funds contributed by the defendants mother for the purchase of the party's marital home was a gift. To hold otherwise would compel a finding of fraud by the parties to induce the bank to grant the mortgage. If the defendant wishes to consider the gift from his mother as a loan, it shall be his obligation to repay it and hold harmless the plaintiff from any liability.
The jointly owned marital home at 101 Clearview Road, Moodus, CT is set out to the plaintiff which, shall be hers free and clear of all claims of the defendant. The plaintiff shall be responsible for all mortgage, taxes and insurance payments and shall hold harmless the defendant for any liability thereof.
The defendants business, Modern Woodworking and Cabinetry and any interest he may have actual or equitable in 7 Cooley Avenue, Middletown, Connecticut is set out to him free and clear of all claims of the plaintiff whom he shall hold harmless from any claims arising therefrom.
The defendant shall pay to the plaintiff as child support the sum of $225.00 per week.
The defendant shall pay to the plaintiff as periodic alimony the sum of $100 per week for five years at which time the children will be older and the plaintiff should be in a position to gain more remunerative employment.
Each party is to own the car that he or she drives.
Each party shall own their own IRAs.
The defendant shall provide health insurance for the minor children as provided through his place of employment. Each party shall be responsible for one-half unreimbursed medical, dental, orthodontic optical and prescription expenses paid in behalf of the children.
Each party shall keep his or her own back accounts.
The plaintiff wife shall be responsible for her Household Bank MasterCard, American Eagle Visa and J.C. Penney credit cards. The defendant husband shall be responsible for his Dutch Point Credit Union Visa, First USA Visa and Norwest Financial credit cards. Both parties shall hold harmless the other with respect to the card. Any debts occurred individually by the parties after June CT Page 1268 1, 1998 shall be their own liability.
The defendant shall take the deduction, for tax purpose, for each of the minor children.
The defendant shall pay all arrearage for child support, unreimbursed medical expenses and unreimbursed mortgage escrow payments within 30 days of the date of this decree.
The defendant shall pay to the plaintiff, within 90 days, the sum of $3,000 towards her counsel fees.
A decree may enter dissolving the marriage of the parties and incapacity therein the above orders and awards of the court.
SPALLONE JUDGE TRIAL REFEREE